# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 97-50476
(Summary Calendar)

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES PAUL QUINLAN,
also known as Joe Quentin,
also known as Jim Quinlan,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CR-79-ALL-DB

---

July 14, 1998

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Following his conviction and sentence for various offenses involving child pornography, James

Paul Quinlan appeals the district court's partial denial of his pretrial motion to suppress. Quinlan

contends that the search warrant, as drafted and executed, constituted an illegal general warrant and

that, as a result, all evidence seized during the December 15, 1995 search of his home should have

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been suppressed. Quinlan further argues that the search cannot be justified on the alternative ground that the good-faith exception to the exclusionary rule applies in this case.

This court reviews the district court's findings of fact on a motion to suppress evidence seized pursuant to a search warrant for clear error and its ultimate determination of reasonableness under the Fourth Amendment de novo. United States v. Hill, 19 F.3d 984, 987 (5th Cir. 1994). Quinlan urges that the warrant lacked the required specificity to meet the Fourth Amendments's requirement of particularity with regard to the items to be seized. See U.S. Const. Amendment IV. "The Fourth Amendment prohibits issuance of general warrants allowing officials to burrow through a person's possessions looking for any evidence of a crime." United States v. Kimbrough, 69 F.3d 723, 727 (5th Cir. 1995), cert. denied, 116 S. Ct. 1547 (1996). A warrant must particularly describe the place to be searched and the things to be seized. Id. This court has underscored that the test requires a court to determine if the description in the warrant would permit an executing officer to reasonably know what items are to be seized. United States v. Beaumont, 972 F.2d 553, 559 (5th Cir. 1992) (citing Steele v. United States, 267 U.S. 498, 503-04, 45 S.Ct. 414, 416, 69 L.Ed. 757).

The district court in the instant case specifically found that Postal Inspector Sheila Ryan's six-page affidavit was made part of the warrant by express language on the face of the warrant. The district court further concluded that, if anything, the warrant was too narrowly drawn. We disagree. Our review of the warrant indicates that it fails the Fourth Amendment's particularity test because, although there was a supporting affidavit which provided specific information regarding the items to be seized, the warrant does not incorporate the affidavit by express language. See Beaumont, 972 F.2d at 561.

The warrant in the instant matter contains a general statement that "property that constitutes

2

evidence of the commission of a criminal offense and/or contraband, the fruits of a crime, and/or things criminally possessed" may be seized. The Beaumont court held that "where a warrant contains only the barest of generalized statements the particularity requirement is satisfied by reliance on an affidavit when the affidavit is incorporated by reference into the warrant." 972 F.2d at 561. The particular warrant at issue in this case indicates that an affidavit was submitted by Ryan and that the magistrate judge who approved the warrant accepted the affidavit as evidence of probable cause. The warrant does not, however, reference the affidavit in any way as a restriction on the items subject to the search warrant. Moreover, it does not impliedly incorporate the affidavit since the affidavit was not even attached to it at the time it was executed.

Nevertheless, the admissibility of the evidence seized at Quinlan's residence may be upheld on the alternative ground that the good-faith exception to the exclusionary rule applies in the instant case. See, e.g., United States v. Shugart, 117 F.3d 838, 845-46 (5th Cir.), cert. denied, 118 S.Ct. 433 (1997); Beaumont, 972 F.2d at 562; see also Matter of Jones, 966 F.2d 169, 172 (5th Cir. 1992) (this court can affirm on any ground supported by the record). An officer may rely on the validity of a warrant so long as the warrant is supported by more than a "bare bones" affidavit. See United States v. Cisneros, 112 F.3d 1272, 1278 (5th Cir. 1997). Because the parties do not contest the inspectors' belief that the warrant was valid, the issue is " 'whether there was an objectively reasonable basis for the [inspectors'] mistaken belief.' " Beaumont, 972 F.2d at 562 (quoting Massachusetts v. Sheppard, 468 U.S. 981, 988, 104 S.Ct. 3424, 3428, 82 L.Ed.2d 737 (1984)). The government points out that the executing inspectors testified that they had reviewed Ryan's affidavit as well as its attachment—which listed with specificity the items to be seized from Quinlan's residence—prior to the search. Inspectors Ryan and Ross specifically stated that they were guided

3

in their search by the items listed in the attachment. When questioned about why he seized certain items, Inspector Sifuentes testified that he felt the items fell within the purview of the affidavit and its attachments.

Because the instant case is virtually identical to Shugart and Beaumont, we follow the reasoning set forth in those opinions. A probable cause determination was made by the magistrate judge; Ryan's affidavit provided specific information of the objects of the search; Ryan was the executing officer as well as the affiant; the other inspectors had reviewed the affidavit and the attachment and knew that the items to be seized were enumerated therein; and the warrant easily could have been made valid by the insertion of the phrase "see attached affidavit" along with attaching the affidavit to the warrant. See Shugart, 117 F.3d at 845-46; Beaumont, 972 F.2d at 562. Under the facts of this case, the officers' good-faith reliance upon the warrant was objectively reasonable. See Massachusetts v. Sheppard, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984). The good-faith exception therefore applies in the instant case to uphold the admissibility of the evidence seized as a result of the December 15, 1995 search of Quinlan's residence. Accordingly, the district court's order partially denying Quinlan's motion to suppress is affirmed.

AFFIRMED.